UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DAVID L. HAWKWING, | * | CIV. 09-4073 |
| Petitioner, | * | |
| -vs- | * | REPORT and RECOMMENDATION |
| DOUGLAS WEBER, Warden, SDSP, | * | |
| Respondent. | * | |

FILED DEC 0 8 2009

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, David Hawkwing, has filed an Application and Petition for Writ of Habeas Corpus (Doc. 1) a "Statement of Reliefs" (Doc. 5) and the "Affidavit of David Hawkwing" (Doc. 6) pursuant to 28 U.S.C. § 2254. Petitioner was granted in forma pauperis status on June 6, 2009. The Respondent filed a Motion to Dismiss and accompanying documents on July 8, 2009 (Doc. 13).

## JURISDICTION

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Piersol's Standing Order dated November 29, 2006.

## BACKGROUND

The following information is gleaned from the materials provided by the Petitioner and the Respondent. On May 9, 2006, Petitioner was indicted in Bon Homme County, First Judicial Circuit, and charged with escape in violation of SDCL 22-11A-1 and 22-11A-2. The Indictment charged Petitioner with a crime which occurred on or about May 3, 2006. Petitioner was arraigned on the charge on April 11, 2007. He entered a guilty plea in exchange for dismissal of the Part II information habitual offender charges, which had been filed in addition to the escape charges. Petitioner was convicted and sentenced on April 11, 2007 and a Judgment of Conviction was entered on April 13, 2007. *See* Doc. 13-2 Attachment 1. The Honorable Glen Eng, First Judicial Circuit, Bon Homme County, sentenced Petitioner to seven years imprisonment in the South Dakota State Penitentiary. Petitioner did not file a direct appeal. Petitioner's conviction therefore became final on May 13, 2007, thirty days after the Judgment of Conviction was entered.

Because it could not be discerned from Petitioner's initial filings whether his state habeas remedies had been exhausted, the Court ordered service of Petitioner's federal habeas corpus application upon the Respondent. The Respondent attached a copy of Petitioner's state habeas corpus petition to its Motion to Dismiss. *See* Doc. 13-3 Attachment 2. On August 19, 2008, Petitioner filed a *pro se* state petition for habeas corpus. *Id.* In the space provided to list his grounds for relief, Petitioner wrote "to be discussed." In the space provided for Petitioner to elaborate on any perceived ineffective assistance of counsel claims, Petitioner drew a large "X" through the entire section. No other claims were asserted. On September 4, 2008, the Honorable Bruce Anderson, First Judicial Circuit, Bon Homme County, entered an Order Denying Petitioner's Writ of Habeas Corpus. *See* Doc. 13-4 Attachment 3. Judge Anderson indicated he would reconsider a new Petition which "alleges some grounds other than 'to be discussed' as a basis for relief." *Id.*

## DISCUSSION

### 1. Petitioner Failed to Exhaust State Remedies

South Dakota law provides an avenue for habeas corpus relief. *See* SDCL Chapter 21-27. Prisoners may file their petitions first in the Circuit Court where their conviction occurred (SDCL § 21-27-14.1). The South Dakota Supreme Court reviews final State habeas judgements or orders upon the issuance of a certificate of probable cause. *See* SDCL § 21-27-18.1. If no certificate of probable cause is issued by the Circuit Court, the prisoner may file a separate motion with the South Dakota Supreme Court requesting the certificate directly from the Supreme Court. *Id.*

As a general rule, a petitioner seeking a writ of habeas corpus under § 2254 must first exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A). The doctrine of exhaustion requires "as a matter of comity, federal courts should not consider a claim in habeas corpus petition until after the state courts have had an opportunity to act." *Mellott v. Purkett*, 63 F.3d 781, 784 (8th Cir. 1995) *quoting Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 1202, 71 L.Ed.2d 379 (1982). "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10, 112 S.Ct. 1715, 1720, 118 L.Ed.2d 318 (1992). A strong presumption exists to require a prisoner

to exhaust his state remedies, and the exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Mellott*, 63 F.3d at 785. In *Mellott*, the Eighth Circuit found the prisoner's assertion of a seventeen month delay in state court was not a circumstance which warranted waiver of the exhaustion requirement.

The Petitioner bears the burden to show all available state remedies have been exhausted, or that exceptional circumstances exist which warrant waiver of exhaustion. *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998). Petitioner has not made either showing. Petitioner has not exhausted his state remedies, because he has not pursued any habeas claims in state court. Neither has he made a showing of exceptional circumstances. This federal habeas claim, therefore, is premature. Dismissal without prejudice is appropriate when a prisoner has failed to exhaust his state remedies. *Id.* As explained below, however, Petitioner's federal claim must be dismissed with prejudice for a different reason.

### 2. Petitioner's federal habeas claim is time-barred.

Petitioner's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1); *Beery v. Ault*, 312 F.3d 948, 949 (8th Cir. 2003). The federal limitations period runs from the date on which Petitioner's state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. *Id.* The statute of limitations is tolled, however, while "a properly filed application for State post-conviction review is pending." *Id.;* § 2244(d)(2).

Judgment was entered on Petitioner's conviction on April 13, 2007. He did not directly appeal his conviction. He filed his state habeas petition on August 19, 2008. Petitioner filed his federal petition for writ of habeas corpus on May 22, 2009.

28 U.S.C. § 2244(d) provides:

    (1)    A 1-year statute of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a State court. The limitation period shall run from the latest of —

- **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

- **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

While Petitioner's state habeas petition may have been timely pursuant to South Dakota law (*See* SDCL § 21-27-3.2) (prejudicial delay is assumed if state application filed more than five years after judgment of conviction), it was not filed in time to toll the federal one year statute of limitations. *See generally, Painter v. State of Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). *See also Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (rejecting the suggestion that the federal filing deadline had not expired because state petition was timely filed according to state law, and federal petition was filed within one year after state statute of limitations had expired). In South Dakota, a criminal defendant must appeal his conviction

4

within thirty days of the date the judgment of conviction is filed. *See* SDCL § 23A-32-15. Because he did not appeal his state conviction, Petitioner's state judgment became final for purposes of the AEDPA upon the expiration of thirty days after April 13, 2007–or on May 13, 2007. The statute of limitations expired for his federal habeas claim one year from that date, or on May 13, 2008.[1] Petitioner's federal habeas petition is clearly time-barred.

## CONCLUSION AND RECOMMENDATION

Petitioner failed to exhaust his habeas corpus remedies in state court. His available state habeas remedies, therefore, are not exhausted pursuant to the requirements of 28 U.S.C. § 2254(b)(1)(A). Because more than one year passed during which no direct appeal or state habeas petitions were pending before Petitioner filed his federal habeas petition, this action is barred by the AEDPA one-year statute of limitations pursuant to 28 U.S.C. § 2244(d).

The Court finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right" and thus a certificate of appealability should not be issued in Petitioner's case. 28 U.S.C. § 2253(c)(2). Although 28 U.S.C. § 2253(c)(2) has been found to be "only a modest standard," Petitioner has not shown that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement or to proceed further.'" *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (citations omitted).

    It is therefore respectfully RECOMMENDED to the District Court that:
    (1)    Petitioner's application for writ of habeas corpus (Doc. 1) be DENIED with prejudice;
    (2)    Respondent's Motion to Dismiss (Doc. 13) be GRANTED;
    (3)    No Certificate of Appealability be issued;

---

[1] Petitioner's state habeas petition was not filed until August 19, 2008.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 8 day of December, 2009.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Summer Wahpekeche
(SEAL)    DEPUTY